UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH VANDEVEIRE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:13-CV-1004-SPM |
| ) | |
| CHRIS KOSTER, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Elizabeth Vandeveire's ("Petitioner's") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 11). For the following reasons, the petition for a writ of habeas corpus will be denied.

I. FACTUAL AND PROCEDURAL BACKGROUND

The following background is taken from the Missouri Court of Appeals' opinion affirming Petitioner's conviction on appeal:

> Viewed in the light most favorable to the judgment, the evidence adduced at trial shows that [Petitioner] was employed by the Clark County School District to work with a child[1] as his one-on-one aide at the Kahoka Head Start program. The school year had begun that week, and this was to be the second year that [Petitioner] was assigned to work with the child.
> Jessica Miller, a staff member at the Kahoka Head Start program, was on the playground with the children. She turned toward the slide to see [Petitioner] shake the child perhaps three or four times, and heard [Petitioner] tell the child not to bite. Miller observed the child's head flop back and forth. She testified that

---

[1] The child, T.G., was four years old at the relevant time. Resp't Ex. A, at 13. He suffers from cerebral palsy and dystonia. *Id.* at pp. 13-14. He uses a wheelchair, has no motor control or upper torso control, and was on muscle relaxers that cause his body to flop from movement. *Id.* at pp. 14-16, 55-56.

1

> because the child had no muscle control, he could not steady his head. Miller testified that she was upset by what she saw, and said "hey" to [Petitioner]. Miller then went inside, documented the incident in an observation log that the Head Start program maintained for the child, and reported the incident to her supervisor. Mandy Shores, the supervisor of the Kahoka Head Start program, testified that Miller came to her office and reported that she had just seen [Petitioner] shaking the child and telling him not to bite.
>
> [Petitioner] testified that she had seven years of special-education experience prior to working with the child, plus training for working with her own children who have special needs. She explained how she consistently dealt with the child's biting by holding him against her body, facing away from her, holding one arm below where he could reach to bite, and holding the other arm held out of the child's reach. She would then tell him not to bite.

Resp't Ex. F, at pp. 3-4

The state charged Petitioner with assault in the third degree for knowingly causing offensive contact with T.G., an incapacitated person, which contact a reasonable person who is not incapacitated would consider offensive and provocative, in violation of Mo. Rev. Stat. § 565.070.1(6), Resp't Ex. B, at pp. 8-9, 17-18. After a bench trial, the trial court found Petitioner guilty. *Id.* at pp. 19-21. The trial court sentenced Petitioner to one year in the county jail and imposed a $1,000.00 fine. *Id.* at p. 6. The trial court suspended the execution of the jail term and part of the fine, and it placed Petitioner on a two-year term of probation. *Id.* at p. 6.

In her direct appeal, Petitioner raised only one argument: that the judgment and sentence against her violated her right to due process of law because the state's evidence was insufficient to prove beyond a reasonable doubt that she had the requisite intent to commit the offense. Resp't Ex. D. The Court of Appeals considered that claim and rejected it on the merits. Resp't Ex. F.

On April 29, 2013, Petitioner filed her *pro se* petition in the instant action. Petitioner did not expressly state the grounds for relief in her Petition, but stated, "See attached" and attached the brief she presented to the Missouri Court of Appeals in her direct appeal. The Court

presumes that she seeks habeas relief based on the one point relied on in her direct appeal: that the judgment and sentence against her violated her right to due process of law because the state's evidence was insufficient to prove beyond a reasonable doubt that she had the requisite intent to commit the offense.

## II.   LEGAL STANDARDS

Federal habeas review exists only "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). Accordingly, "[i]n the habeas setting, a federal court is bound by AEDPA [the Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may not grant relief to a state prisoner with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established Supreme Court precedents "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision involves an

3

"unreasonable application" of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407-08; *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citations and internal quotation marks omitted); *see also Rice v. Collins*, 546 U.S. 333, 338-39 (2006) (noting that state court factual findings are presumed correct unless the habeas petitioner rebuts them through clear and convincing evidence) (citing 28 U.S.C. § 2254(e)(1)).

### III. DISCUSSION

Petitioner's claim is that her conviction violated her due process rights because there was insufficient evidence from which a reasonable factfinder could have found, beyond a reasonable doubt, that she had the requisite intent to commit the offense. In reviewing challenge to the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). *Accord Parker v. Matthews*, 132 S. Ct. 2148, 2152 (2012); *Cavazos v. Smith*, 132 S. Ct. 2, 6 (2011). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. State law determines the specific elements of the crimes. *Fenske v. Thalacker*, 60 F.3d 478, 480 (8th Cir. 1995). The federal habeas court's scope of review is very limited. The Court "must presume that

the trier of fact resolved all conflicting inferences in the record in favor of the state" and "must defer to that resolution." *Whitehead v. Dormire*, 340 F.3d 532, 536 (8th Cir. 2003) (quotation marks omitted). Furthermore, "a state-court decision rejecting a sufficiency challenge may not be overturned on federal habeas unless the decision was objectively unreasonable." *Parker*, 132 S. Ct. at 2152 (quotation marks omitted).

The statute under which Petitioner was convicted provides that a person commits the crime of assault in the third degree if "[t]he person knowingly causes physical contact with an incapacitated person, as defined in section 475.010, which a reasonable person, who is not incapacitated, would consider offensive or provocative." Mo. Rev. Stat. § 565.070.1(6), As the Missouri Court of Appeals recognized, "if the definition of an offense prescribes a culpable mental state but does not specify the conduct, attendant circumstances or result to which it applies, the prescribed culpable mental state applies to each such material element." Mo. Rev. Stat. § 562.021.1. Under Missouri law, a person acts knowingly with respect to his conduct or with respect to attendant circumstances "when he is aware of the nature of his conduct or that those circumstances exist," and a person acts knowingly with respect to a result of his conduct "when he is aware that his conduct is practically certain to cause that result." Mo. Rev. Stat. § 562.016.3.

Petitioner argues that there was insufficient evidence for a reasonable factfinder to find that she knowingly caused physical conduct with the child that a reasonable person would consider offensive or provocative. She appears to be specifically arguing that there was insufficient evidence for a reasonable factfinder to find that she knew that a reasonable person would find the contact to be offensive or provocative.

The Missouri Court of Appeals considered these arguments and found that the evidence, viewed in the light most favorable to the verdict, was sufficient to support a finding that Petitioner both knew that she was making contact with the child and knew that her contact with him would be considered offensive or provocative by a reasonable person who was not incapacitated. That determination was reasonable. The evidence showed that another staff member observed Petitioner shaking the child three or four times and observed his head flopping back and forth. *See* Resp't Ex. A, p. 61; Resp't Ex. C/Def's Trial Ex. F. It is generally reasonable to infer that when a person acts in a certain way, she is aware that she is doing so. Thus, it was not unreasonable for the factfinder to infer that she was aware that she was shaking the child. The evidence also showed that the child did not have sufficient muscle tone to support his head and body, that Petitioner had worked with the child for over a year, and that Petitioner had training in working with special-needs children, Resp't Ex. A, at pp. 13-14, 179-80, 208-12. Based on that evidence, it was not unreasonable for the factfinder to infer that Petitioner was aware that shaking the child several times would be practically certain to cause his head to flop or otherwise constitute contact that would be offensive to a reasonable person.

For all of the above reasons, the Missouri Court of Appeals' rejection of Petitioner's claim was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Therefore, Petitioner is not entitled to relief.

## IV. CONCLUSION

For all of the above reasons, Petitioner is not entitled to federal habeas relief. Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a certificate of

appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the judge must find that the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2); *Tiedman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). The Court finds that reasonable jurists could not differ on Petitioner's claim, so the Court will not issue a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that she has been denied a constitutional right. 28 U.S.C. § 2253.

A separate Judgment shall accompany this Memorandum and Order.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of July, 2016.